---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Rand Logistics, Inc. |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 2 0 _ 1 9 5 3 4 3 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 333     Washington Street <br> Number    Street <br><br> _____ <br><br> Jersey City     NJ    07302 <br> City     State    ZIP Code <br><br> Hudson <br> County | Number    Street <br><br> _____ <br> P.O. Box <br><br> City     State    ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number    Street <br><br> _____ <br><br> City     State    ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | http://www.randlogisticsinc.com |

| | |
|---|---|
| 6. **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding  LLP) <br> ☐ Other. Specify: _____ |

Debtor    Rand Logistics, Inc.
_____
Name

Case number *(if known)* _____

| | |
|---|---|
| 7. | **Describe debtor's business** |

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>5</u>  <u>1</u>  <u>1</u>

| | |
|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** |

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☑ A plan is being filed with this petition.

    ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. |

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY

               District _____  When _____  Case number _____
                                          MM / DD / YYYY

| | |
|---|---|
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. |

☐ No

☑ Yes.  Debtor    See Schedule 1. _____  Relationship _____

              District _____  When _____
                                          MM / DD / YYYY

              Case number, if known _____

| Debtor | Rand Logistics, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☑ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | Rand Logistics, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    01/29/2018
                MM  / DD / YYYY

✗ _____
Signature of authorized representative of debtor

Title        CFO

Mark S. Hiltwein
Printed name

**18. Signature of attorney**

✗    */s/ David B. Stratton*
Signature of attorney for debtor

Date    01/29/2018
        MM   / DD / YYYY

David B. Stratton, Esquire
Printed name

Pepper Hamilton LLP
Firm name

1313 Market Street, Suite 5100
Number        Street

Wilmington
City

DE        19801
State      ZIP Code

302-777-6500
Contact phone

strattod@pepperlaw.com
Email address

960
Bar number

DE
State

---

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Rand Logistics, Inc. | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-33345     .

2. The following financial data is the latest available information and refers to the debtor's condition on  November 30, 2017  .

    a. Total consolidated assets                              $ 268,948,855

    b. Total consolidated debts (including debts listed in 2.c., below) $ 258,535,349

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | | |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |

    d. Number of shares of preferred stock                    295,480 (as of 9/30/17)

    e. Number of shares common stock                    18,633,149 (as of 9/30/17)

    Comments, if any:  _____

_____

_____

3. Brief description of debtor's business:  The Debtors are one of the largest providers of bulk freight shipping services in the Great Lakes region. The Debtors operate a fleet of fifteen cargo-carrying vessels in the United States and Canada.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Brent D. Baird; JWest LLC; Minerva Advisors LLC; Dorset Management Corp.

_____

_____

## <u>SCHEDULE 1</u>

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

As of the date hereof, each of the entities listed below (the "<u>Debtors</u>") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Bankruptcy Code. The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Rand Logistics, Inc.

1. Rand Logistics, Inc.

2. Rand Finance Corp.

3. Rand LL Holdings Corp.

4. Grand River Navigation Company, Inc.

5. Lower Lakes Transportation Company

6. Black Creek Shipping Company, Inc.

7. Black Creek Shipping Holding Company, Inc.

## <u>Exhibit A</u>

**Organizational Chart**

**EXHIBIT A**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RAND LOGISTICS, INC., *et al.*, [1] | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1)**

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, Rand Logistics, Inc.; Lower Lakes Transportation Company; Grand River Navigation Company, Inc.; Black Creek Shipping Company, Inc.; Rand LL Holdings Corp.; Rand Finance Corp.; and Black Creek Shipping Holding Company, Inc. (collectively, the "Debtors"), respectfully represent as follows:

1. To the best of the Debtors' knowledge and belief based on publicly filed disclosures, there are no corporations or other entities that directly or indirectly own more than 10% of Rand Logistics, Inc.

2. 100% of Lower Lakes Transportation Company's equity is directly owned by Rand LL Holdings, Corp.

3. 100% of Grand River Navigation Company, Inc.'s equity is directly owned by Rand LL Holdings, Corp.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Rand Logistics, Inc. (5343); Lower Lakes Transportation Company (5364); Grand River Navigation Company, Inc. (5146); Black Creek Shipping Company, Inc. (5474); Rand LL Holdings Corp. (6352); Rand Finance Corp. (1847); and Black Creek Shipping Holding Company, Inc. (5313).  The service address for each of the above Debtors is 333 Washington Street, Suite 201, Jersey City, NJ 07302.

4.  100% of Black Creek Shipping Company, Inc.'s equity is directly owned by Black Creek Shipping Holding Company, Inc.

5.  100% of Rand LL Holdings, Corp.'s equity is directly owned by Rand Logistics, Inc.

6.  100% of Rand Finance Corp.'s equity is directly owned by Rand Logistics, Inc.

7.  100% of Black Creek Shipping Holding Company, Inc.'s equity is directly owned by Rand Logistics, Inc.

[*signature page follows*]

2

Pursuant to 28 U.S.C. § 1746, the undersigned makes the foregoing declaration as of the date of the filing under penalty of perjury.

Mark Hiltwein
Authorized Signatory

**RAND LOGISTICS, INC.**

<u>**OFFICER'S CERTIFICATE**</u>

January 26, 2018

The undersigned, Mark Hiltwein, in his capacity as a duly elected, qualified and acting officer of Rand Logistics, Inc., a Delaware corporation (the "Company"), and as duly authorized by the board of directors of the Company, does hereby certify as follows:

Attached hereto is a true and correct copy of resolutions of the board of directors of the Company, duly adopted at a meeting of the Board, and such resolutions have not been amended, supplemented, modified, revoked or rescinded and remain in full force and effect as of the date hereof.

*[Signature Page Follows.]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____
Name: Mark Hiltwein
Title: Authorized Officer

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF RAND LOGISTICS, INC.**

**(January 26, 2018)**

On January 26, 2018, at a telephonic meeting of the board of directors (the "**Board**") of Rand Logistics, Inc., a Delaware corporation (the "**Company**"), the Board took the following actions and adopted the following resolutions:

**AUTHORIZATIONS REGARDING THE FILING UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**WHEREAS**, the Board has reviewed and considered the materials presented by the Company's management team and financial and legal advisors, including the presentation to the Board made by Miller Buckfire & Co. LLC ("**Miller Buckfire**"), the investment banker and financial advisor to the Company, Conway MacKenzie, Inc. ("**Conway**"), the turnaround managers to the Company, and Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**"), legal counsel to the Company, both on the date hereof and at prior meetings regarding, among other things, the liabilities, assets, and liquidity of the Company, the strategic alternatives available to the Company and the potential impact (financial and otherwise) of the foregoing on the Company's respective business;

**WHEREAS**, in connection with the Board's consideration of such liabilities, assets, liquidity, strategic alternatives and the impact thereof, the Board has reviewed and evaluated the potential financing and/or restructuring alternatives available to the Company, including, but not limited to: (i) an equity or debt (including debtor in possession) financing; (ii) a reorganization; (iii) a recapitalization, refinancing, amendment or exchange of, or exchange offer or tender offer for, the Company's existing indebtedness or any of its capital stock, whether in-court or out-of-court and/or whether pursuant to a pre-negotiated or pre-planned restructuring plan or proposal or otherwise; (iv) a sale of some or all of the assets of the Company; (v) the seeking of relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and the filing of a voluntary petition pursuant thereto; (vi) any combination of the foregoing; and (vii) any other strategic alternatives available to the Company (collectively, the "**Restructuring Alternatives**");

**WHEREAS**, the Board has had the opportunity to consult with the Company's management team and financial and legal advisors and to fully consider the strategic alternatives available to the Company, including, but not limited to, the Restructuring Alternatives; and

**WHEREAS**, in contemplation of the foregoing, the Company has entered into that certain Restructuring Support Agreement (as amended from time to time, and together with any exhibits, annexes or schedules attached thereto, the "**Restructuring Support Agreement**"), dated as of November 17, 2017, by and among the Company, Rand Finance Corp., Rand LL Holdings Corp., Grand River Navigation Company, Inc., Lower Lakes Transportation Company, Black Creek Shipping Company, Inc., Black Creek Shipping Holding Company, Inc., Rand's indirect Canadian subsidiaries Lower Lakes Towing Ltd. and Lower Lakes Ship Repair Company Ltd. and Lightship Capital LLC, which Restructuring Support Agreement sets forth the agreement among the parties concerning their commitment to implement certain of the Restructuring Alternatives in accordance with the terms set forth in the Restructuring Support Agreement, including, but not limited to, seeking relief under the Bankruptcy Code, as further described therein.

**RESOLVED**, that, it is desirable and in the best interests of the Company and the Company's creditors, employees, equityholders, and other parties in interest that the Company file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"); and

**RESOLVED FURTHER**, that the officers and other appropriate persons of the Company and any other person authorized to do so by the Board (an "***Authorized Officer***"), acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute, verify, certify and file a petition under chapter 11 of the Bankruptcy Code and all other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief under the provisions of the Bankruptcy Code, including, but not limited to, any action necessary to maintain the ordinary course operation of the Company's business.

**AUTHORIZATION OF REPRESENTATION BY FINANCIAL ADVISORS, LEGAL COUNSEL, INVESTMENT BANKERS AND OTHER PROFESSIONALS**

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Conway as turnaround managers, including Michael Correra, an employee of Conway, as Chief Restructuring Officer, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Conway;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Akin Gump as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Akin Gump;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Pepper Hamilton LLP ("***Pepper***") as Delaware bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Pepper;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Miller Buckfire as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of

delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Miller Buckfire;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Kurtzman Carson Consultants LLC ("**KCC**") to provide consulting services to the Company, including, but not limited to, noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and assisting with the preparation of the Company's schedules of assets and liabilities and a statement of financial affairs, and any other services agreed upon by the parties relating to the Company's duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of KCC; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage any other legal counsel, accountants, financial advisors, and other professionals to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such other legal counsel, accountants, financial advisors, and other professionals.

## PRIOR AND FURTHER ACTS

**RESOLVED**, that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company (i) to take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, to file or cause to be filed with the appropriate governmental authorities, all such other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents; (ii) to incur and pay or cause to be incurred and paid all fees, expenses, and taxes; and (iii) to engage such persons as such Authorized Officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, in each case, including any such petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents contemplated by the foregoing resolutions;

**RESOLVED FURTHER**, that, to the extent the approval of the Company in its capacity as a stockholder, shareholder, equityholder, managing-member, manager, sole member, general partner, limited partner or other member or person acting in a similar capacity of any entity is required for such entity to execute, deliver or perform any of its obligations contemplated by these resolutions or the transactions contemplated hereby, the Board hereby so approves and consents thereto;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these

resolutions were approved or certified, are hereby in all respects authorized, approved, ratified, confirmed, and adopted as acts of the Company;

**RESOLVED FURTHER**, that the signature of any Authorized Officer on any petition, motion, pleading, application, exhibit, schedule, instrument, document, certificate, agreement or other writing shall constitute conclusive evidence that such Authorized Officer deemed such act or thing to be necessary, advisable or appropriate; and

**RESOLVED FURTHER**, that the secretary, any assistant secretary or any other proper officer of the Company, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, the Company to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the officers of the Company as may be requested.

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name __Rand Logistics, Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                         (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __01-29-2018__                     **✗** _Mark Hultquist_ (signature)
              MM / DD / YYYY                       Signature of individual signing on behalf of debtor

                                                   _Mark S. Hultquist_
                                                   Printed name

                                                   _CFO_
                                                   Position or relationship to debtor

Official Form 202             Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name     Rand Logistics, Inc., et al.

United States Bankruptcy Court for the: _____ District of _____Delaware_____
                                                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Central Machine & Marine Inc. 649 McGregor Road P.O. Box 2163 Sarnia, ON N7T 7L7 Canada | (519) 337-3722 generalmanager@centralmm.ca | Trade | Contingent | | | $326,160.91 |
| 2 | Thompson Hine LP 3900 Key Centre Cleveland, OH 44114-1291 | Rob Burger (216) 566-5790 Rob.Burger@thompsonhine.com | Professional Services | Contingent | | | $287,846.67 |
| 3 | Great Lakes Towing Company 4500 Division Ave. Cleveland, OH 44102-2228 | (216) 621-4854 CI@thegreatlakesgroup.com | Trade | Contingent | | | $71,038.41 |
| 4 | Samsel Supply Company Box 5717 Cleveland, OH 44191 | (216) 241-0333 ncampbell@samselsupply.com | Trade | Contingent | | | $51,362.91 |
| 5 | Hansen Industries Ltd. 2824 Summit St. Toledo, OH 43611 | (419) 729-1621 Riverside@hhansenind.com | Trade | Contingent | | | $44,629.80 |
| 6 | Marine Market Inc. 515 Ripley Blvd Alpena, MI 49707 | (989) 354-5505 orders@marinemarketinc.com | Trade | Contingent | | | $44,213.96 |
| 7 | Northern Machining & Repair Inc. 1701 N. 26th Street Escanaba, MI 49829 | John Liss (906) 786-0526 melisaj@northernmachining.com | Trade | Contingent | | | $34,275.55 |
| 8 | CSX Transportation Inc. P.O. Box 116651 Atlanta, GA 30368-6651 | (904) 279-6988 GB_Accounts_Receivable@csx.com | Trade | Contingent | | | $30,581.09 |
| 9 | Veson Nautical LLC 500 Boylston Street Boston, MA 02216 | (617) 723-2727 billing@veson.com | Trade | Contingent | | | $27,487.35 |

| Debtor | Rand Logistics, Inc., et al. | | Case Number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 10 | Workiva LLC 2900 University Blvd Ames, IA 50010 | (515) 817-6109 accounting@workiva.com | Trade | Contingent | | | $22,952.80 |
| 11 | EAN Services, LLC PO Box 402383 Atlanta, GA 30384-2383 | (877) 530-6141 aradmin@ehi.com | Trade | Contingent | | | $14,923.93 |
| 12 | Kendall Electric Inc. P.O. Box 671121 Detroit, MI 48267-1121 | (269) 963-5585 inda.cary@kendallgroup.com | Trade | Contingent | | | $13,736.65 |
| 13 | Warner Petroleum Corp. Box 673212 Detroit, MI 48267-3212 | (989) 386-4350 dritchie@wpcgroup.us | Trade | Contingent | | | $12,991.02 |
| 14 | Padgett Swann Machinery Company, Inc. 5128 36th Avenue South Tampa, FL 33619 | (813) 247-3478 lhouse@padgettswann.com | Trade | Contingent | | | $12,950.00 |
| 15 | John Duffy Electrical Co. 3976 Bridgewater St. Niagara Falls, ON L2G 6H7 Canada | (905) 295-8085 duffyelectrical@sympatico.ca | Trade | Contingent | | | $12,880.00 |
| 16 | Wilhelmsen Ships Service Inc. (Houston) 9400 New Century Dr. PO Box 123141 Pasadena, TX 77507 | (866) 266-9371 Christopher.Moreno@wilhelmsen.com | Trade | Contingent | | | $8,908.44 |
| 17 | Kinder Morgan Energy Partners L.P. DEPT 3017 P.O. BOX 201607 Dallas, TX 75320-1607 | (713) 369-9000 midwestar@kindermorgan | Trade | Contingent | | | $6,776.00 |
| 18 | UP Environmental Services 1315 US 2 & 41 Bark River, MI 49807 | Wayne Stenberg (906) 466-9900 | Trade | Contingent | | | $6,570.00 |
| 19 | Wm. Neundorfer & Co. 831 Calendar Boulevard Painesville, OH 44077 | Tim Garlak (440) 350-7460 info@wmneudorfer.com | Trade | Contingent | | | $6,467.47 |
| 20 | Ulysses Systems National Westminster Bank P.O. Box 15 34 Bishopsgate London, England EC2P 2AP United Kingdom | 30 210 4221315 tkalfadopoulos@ulysses-systems.com | Trade | Contingent | | | $5,968.00 |