# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Rand Logistics, Inc.,<br>     Debtor.<br><br>Tax I.D. No. 20-1195343 | Chapter 11<br><br>Case No. 18-_____ (  ) |
| In re:<br><br>Lower Lakes Transportation Company,<br>     Debtor.<br><br>Tax I.D. No. 98-0225364 | Chapter 11<br><br>Case No. 18-_____ (  ) |
| In re:<br><br>Grand River Navigation Company, Inc.,<br>     Debtor.<br><br>Tax I.D. No. 16-1465146 | Chapter 11<br><br>Case No. 18-_____ (  ) |
| In re:<br><br>Black Creek Shipping Company, Inc.,<br>     Debtor.<br><br>Tax I.D. No. 27-4815474 | Chapter 11<br><br>Case No. 18-_____ (  ) |
| In re:<br><br>Rand LL Holdings Corp.,<br>     Debtor.<br><br>Tax I.D. No. 20-3936352 | Chapter 11<br><br>Case No. 18-_____ (  ) |

| | |
|---|---|
| In re:<br>Rand Finance Corp.,<br>                    Debtor.<br>Tax I.D. No. 20-5261847 | )<br>)<br>) Chapter 11<br>)<br>) Case No. 18-_____ ( )<br>)<br>)<br>) |
| In re:<br>Black Creek Shipping Holding Company, Inc.<br>                    Debtor.<br>Tax I.D. No. 27-481-5313 | )<br>)<br>) Chapter 11<br>)<br>) Case No. 18-_____ ( )<br>)<br>)<br>) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") directing the joint administration of their related chapter 11 cases. In support of this Motion, the Debtors submit the *Declaration of Mark S. Hiltwein in Support of Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration").[1] In further support of the Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

6. On the Petition Date, the Debtors filed the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* (the "Plan") and the related *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization*, dated January 29, 2018 (the "Disclosure Statement")

7. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the First Day Declaration. The organizational structure of the Debtors is set forth on Exhibit A to the First Day Declaration.

**RELIEF REQUESTED**

8. By this Motion, the Debtors seek entry of the Proposed Order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of these chapter 11 cases for procedural purposes only.

**BASIS FOR RELIEF**

9. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2). 11 U.S.C. § 101(2). Therefore, the Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

10. In addition, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration … supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

11. Joint administration of these chapter 11 cases will avoid the preparation, replication, service and filing of duplicative notices, applications and orders in each of the seven (7) respective dockets, thereby saving the Court, the Debtors, and other parties in interest substantial time and expense. The requested relief will not adversely affect parties' rights, as this motion requests joint administration for procedural purposes only and not substantive consolidation of the Debtors' estates. In fact, the reduced costs that will result from the joint administration of these chapter 11 cases will inure to the benefit of all of the Debtors' stakeholders. Accordingly, the Debtors respectfully request that the caption to be used by all parties in all pleadings and notices in the jointly administered chapter 11 cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | )  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RAND LOGISTICS, INC., *et al.*,[1] | ) |
| | ) Case No. 18-_____ (   ) |
| Debtors. | ) |
| | ) Jointly Administered |

12. The Debtors also seek the Court's direction that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtor's cases (other than that of Rand Logistics, Inc.) to reflect the joint administration of these cases:

> "An order has been entered in this case consolidating this case with the case of Rand Logistics, Inc. (Case No. 18-_____(____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 18-_____(____) should be consulted for all matters affecting this case."

13. Courts in this district frequently grant the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re M & G USA Corp.*, Case No. 17-12307 (BLS) (Bankr. D. Del. Nov. 1, 2017) (Docket No. 61); *In re Appvion, Inc.*, Case No. 17-12082 (KJC) (Bankr. D. Del. Oct. 3, 2017) (Docket No. 52); *In re Tidewater, Inc.*, Case No. 17-11132 (BLS) (Bankr. D. Del. May 19, 2017) (Docket No. 90); *In re Halcón Res. Corp.*, Case No. 16-11724 (BLS) (Bankr. D. Del. July 29, 2016) (Docket No. 43); *In re Hercules Offshore, Inc.*, Case No. 16-11385 (KJC) (Bankr. D. Del. June 7, 2016) (Docket No. 64); *In re Paragon Offshore plc*, Case No. 16-10386 (CSS) (Bankr. D. Del. Feb. 17, 2016) (Docket No. 69); *In re Magnum Hunter Res. Corp.*, Case No. 15-12533 (KG) (Bankr. D. Del. Dec. 16, 2015) (Docket No. 61); *In re Offshore Grp. Inv. Ltd.*, Case

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Rand Logistics, Inc. (5343); Lower Lakes Transportation Company (5364); Grand River Navigation Company, Inc. (5146); Black Creek Shipping Company, Inc. (5474); Rand LL Holdings Corp. (6352); Rand Finance Corp. (1847); and Black Creek Shipping Holding Company, Inc. (5313). The service address for each of the above Debtors is 333 Washington Street, Suite 201, Jersey City, NJ 07302.

No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015) (Docket No. 36); *In re Quicksilver Resources Inc.*, Case No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (Docket No. 84); *In re Endeavour Operating Corp.*, Case No. 14-12308 (KJC) (Bankr. D. Del. Oct. 15, 2014) (Docket No. 53).

14. Based on the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate and in the best interests of their estates and creditors and other parties in interest and should be granted.

## NOTICE

15. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) Bank of America, N.A., as the First Lien Agent; (d) counsel to the First Lien Agent, (i) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, and (ii) Womble Bond Dickinson (US) LLP, 222 Delaware Avenue, 15th Floor, Wilmington, DE 19801; (e) Lightship Capital LLC, as the Second Lien Agent and Second Lien Lender; (f) counsel to the Second Lien Agent and Second Lien Lender, (i) White & Case LLP, 1221 6th Avenue, New York, NY 10020, and (ii) Fox Rothschild LLP, 919 N Market St #300, Wilmington, DE 19899; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) the office of the attorneys general for the states in which the Debtors operate; (j) the Securities and Exchange Commission; and (k) any other party entitled to notice pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m)(iv). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order, (a) granting the relief requested herein, and (b) granting such other and further relief as may be just, proper, and equitable.

Dated:  January 29, 2018
       Wilmington, Delaware

/s/ David B. Stratton
**PEPPER HAMILTON LLP**
David B. Stratton (No. 960)
David M. Fournier (No. 2812)
Evelyn J. Meltzer (No. 4581)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899
Telephone: (302) 777-6500
Facsimile: (302) 421- 8390

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Meredith A. Lahaie (*pro hac vice* admission pending)
Alexis Freeman (*pro hac vice* admission pending)
Zach Lanier (*pro hac vice* admission pending)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Proposed Counsel to the Debtors and Debtors in Possession*